## In re DRESSLER.

(Supreme Court, Appellate Division, First Department. April 7, 1916.)

ATTORNEY AND CLIENT ☞44(2)—DISBARMENT—OFFENSES.

　　Where an attorney without authority converted to his own use money collected for a client, he is guilty of such professional misconduct that he should be disbarred.

　　[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 56; Dec. Dig. ☞44(2).]

In the matter of William B. Dressler, an attorney. Application on the report of the official referee to discipline respondent for professional misconduct. Respondent disbarred.

Argued before CLARKE, P. J., and McLAUGHLIN, DOWLING, SMITH, and DAVIS, JJ.

Einar Chrystie, of New York City (Harry Crone, of New York City, of counsel), for petitioner.

William B. Dressler, of New York City, pro se.

CLARKE, P. J. This is the usual proceeding brought by the Association of the Bar of the City of New York against an attorney for unprofessional conduct. The charge was that he had collected a sum

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of money for his client, which he had failed and neglected to turn over, and converted the same to his own use. The respondent was admitted to the bar in July, 1903. The respondent admits that he received $138.39 of his client's money, which he has failed to turn over to him. His defense is that after the money was collected he was permitted to retain it by his client as a loan. The learned official referee has found in his report that this claim of a loan is denied by the client, who testified that he never gave the respondent permission to use the money for his own purposes, nor did he ever say he would not press him for the money. No business transactions had ever taken place between these parties before, and there is no evidence tending to show that any such relationship existed between them as to make it probable that his client would permit him to make use of the money collected. The referee says:

"I am convinced from the evidence that the respondent was sorely pressed for money, threatened with ejectment for nonpayment of rent, and under this pressure made use of the money and took the chances of being able to make good and escape the consequences of wrongdoing"

—and sustained the charges. An examination of the record compels the approval of the referee's report. That the acts specified constitute unprofessional conduct is obvious.

Respondent is disbarred. All concur.

Argued before CLARKE, P. J., and McLAUGHLIN, DOWLING, SMITH, and DAVIS, JJ.

